**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

United States of America,

      Plaintiff,

v.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 82-0044 ADM

Michael Paul Udofot,

      Defendant.

_____

Tracy L. Perzel, Esq., Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Michael Paul Udofot, pro se.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Michael Paul Udofot's ("Udofot") Petition Request for Criminal Felony Record Expungement [Docket No. 43] ("Petition").  For the reasons set forth below, Udofot's Petition is denied.

## II.  BACKGROUND

On July 1, 1982, Udofot was convicted by jury of one count of knowingly delivering to a common carrier firearms and ammunition for shipment in interstate and foreign commerce without notifying the carrier that firearms and ammunition were being shipped, in violation of 18 U.S.C. §§ 922(e), 924(a) (1976).  See United States v. Udofot, 711 F.2d 831 (8th Cir. 1983).  Udofot was sentenced to 18 months imprisonment, which was stayed subject to certain conditions that were satisfied.

Udofot now requests "expungement (sealing) of [his] criminal/felony record."  Pet. at 1.

Udofot contends that his record of conviction is causing him employment and financial hardship. Specifically, Udofot states that he has "been refused employment by many companies who check [his] criminal background prior to offering me employment," and that he has "also been denied business loans and license [sic] because of the criminal/felony record." Id. at 2. Udofot concludes that "without the expungement (sealing) of my criminal/ felony record, [he] will not obtain any gainful employment." Id. The Government opposes expunging or sealing Udofot's conviction.

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction. Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991). The Government argues that this Court lacks subject-matter jurisdiction to consider the merits of Udofot's Petition. The Court agrees.

Unless expungement is sought pursuant to statutory authority, a district court has jurisdiction to expunge a conviction only from "ancillary jurisdiction incidental to the court's original jurisdiction over the underlying criminal prosecution pursuant to 18 U.S.C. § 3231." United States v. Meyer, 439 F.3d 855, 859 (8th Cir. 2006). After analyzing Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994), the Eighth Circuit was "convinced that a district court does not have ancillary jurisdiction to expunge a criminal record based solely on equitable grounds." Meyer, 439 F.3d at 860.

Udofot's request for expungement is not made pursuant to statutory authority. In United States v. Summer, 226 F.3d 1005, 1012 (9th Cir. 2000), the Ninth Circuit noted that "appellate courts have upheld the expunction of criminal records under statutes providing for equitable relief or authorizing the correction of a criminal record." The areas of relief identified were:  1)

the Civil Rights Act; 2) habeas corpus statutes; 3) a portion of the All Writs Act to correct an unlawful conviction; and 4) the Constitution itself.  Id.  Udofot does not contend any of these apply, instead arguing that his record should be expunged for employment and business reasons.  As Meyer held, however, equitable considerations do not invoke ancillary jurisdiction.  Rather, ancillary jurisdiction is limited "to expunging the record of an unlawful arrest or conviction or to correct a clerical error."  Meyer, 439 F.3d at 861 (quoting Sumner, 226 F.3d at 1014).  Udofot does not argue that a clerical error exists or that his conviction was unlawful.

While the Court is sympathetic to Udofot's employment difficulties stemming from a 34-year old conviction, this Court lacks jurisdiction and authority to grant the requested relief.  Therefore, Udofot's Petition is denied.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Michael Paul Udofot's Petition Request for Criminal Felony Record Expungement [Docket No. 43] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY**

BY THE COURT:


      s/Ann D. Montgomery      
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 22, 2016.